Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| MARÍA EULALIA JUARBE BOTELLA<br><br>Parte Apelada<br><br>v.<br><br>ROBERTO MELITON VÁZQUEZ MERCADO<br><br>Parte Apelante | TA2026AP00453 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm. VQ2026CV00020<br><br>Sobre: Desahucio en precario |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

Rodríguez Flores, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 25 de junio de 2026.

Comparece ante nosotros el señor Roberto Meliton Vázquez Mercado (señor Vázquez Mercado o apelante) mediante el recurso de epígrafe incoado el 4 de mayo de 2026.[1] Solicita la revocación de la *Sentencia* emitida el 24 de abril de 2026, y notificada el 1 de mayo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI).[2] Mediante el referido dictamen, el TPI declaró *ha lugar* a la demanda de desahucio incoada por María Eulalia Juarbe Botella (Juarbe Botella o apelada) y concedió las medidas cautelares solicitadas; además, relevó al señor Vázquez Mercado de prestar fianza para presentar su apelación debido a su estado de indigencia.

La parte apelada compareció ante nos el 2 de junio de 2026 mediante su *Alegato en Oposición a[l] Recurso de Apelación*.[3]

Examinados los escritos, los documentos que conforman los respectivos y la regrabación de la vista de desahucio del 24 de abril de 2026, *confirmamos* el dictamen apelado.

---

[1] *Apelación*, SUMAC-TA, entrada 1.
[2] *Sentencia*, SUMAC en el recurso VQ2026CV00020, entrada 38.
[3] *Alegato en Oposición a[l] Recurso de Apelación*, SUMAC-TA, entrada 9.

## I.

El 22 de febrero de 2026, la parte apelada presentó una demanda de desahucio en precario contra el señor Vázquez Mercado.[4] Alegó que el señor Vázquez Mercado ocupa, sin título o autorización, la propiedad descrita en las alegaciones que pertenece a la sucesión del doctor José Arturo Juarbe Ortiz (doctor Juarbe Ortiz), quien era el padre de la apelante, compuesta por la demandante y sus demás hermanos, a saber: el señor José Arturo Juarbe Botella, la señora Rosa María Juarbe Botella, la señora Nieves Juarbe Botella, la señora María de los Ángeles Juarbe Botella y el señor Kevin Arturo Juarbe Velázquez (Sucesión). Además, arguyó que le había requerido extrajudicialmente la entrega del inmueble al precarista, quien lo desalojó por un tiempo, pero luego lo volvió a ocupar.

El 19 de marzo de 2026, el TPI citó al señor Vázquez Mercado para una vista de desahucio.[5] Seguidamente, el 15 de abril de 2026, se asumió la representación legal del señor Vázquez Mercado y se le informó al foro apelado que este era incapacitado y que residía en Vieques.[6]

El 17 de abril de 2026, el TPI ordenó que las partes suministraran electrónicamente la prueba documental a presentarse durante el juicio dentro de un plazo de dos (2) días.[7] El tribunal advirtió que la evidencia que no se cargara al portal de SUMAC dentro del término provisto sería inadmisible durante la vista de desahucio.

En cumplimiento con lo ordenado, el 21 de abril de 2026, la parte apelada subió al sistema la evidencia documental que pretendía utilizar en el juicio.[8] En su *docket*, incluyó cuatro (4)

---

[4] *Demanda*, SUMAC en el recurso VQ2026CV00020, entrada 1.
[5] *Emplazamiento y Citación*, *Íd.*, entrada 12.
[6] *Moción para Asumir Representación Legal y Solicitud de Orden*, *Íd.*, entrada 13.
[7] *Orden*, *Íd.*, entrada 16.
[8] *Moción en Cumplimiento de Orden*, *Íd.*, entrada 17.

documentos, a saber: (1) la Declaratoria de Herederos del doctor Juarbe Ortiz, Resolución del 4 de enero de 2015, en el caso D JV2014-2107; (2) una certificación de LUMA a nombre de su padre; (3) una captura de pantalla de un pago de electricidad realizado desde la cuenta bancaria de la apelada, y (4) una foto del contador de electricidad de la residencia.

Por otro lado, ese mismo día, el señor Vázquez Mercado también subió prueba documental al sistema de SUMAC.[9] Esta consistió de una factura del servicio de electricidad del 23 de abril de 2025 y una factura del servicio de agua del 20 de noviembre de 2024. Sin embargo, se le solicitó al foro primario que tomara conocimiento sobre el hecho de que el señor Vázquez Mercado no tenía acceso a una impresora en un periodo tan corto, era indigente, no dominaba la tecnología por su edad y era impedido; se hizo hincapié en que se mostrarían los originales de estas facturas en la vista de desahucio.

Así las cosas, el juicio en su fondo se llevó a cabo el 24 de abril de 2026.[10] Antes de la presentación de la prueba, el foro apelado atendió unos asuntos de umbral planteados por el señor Vázquez Mercado; en síntesis, arguyó que la apelada carecía de legitimación activa para instar la acción de desahucio porque no probó su interés propietario sobre el inmueble.[11] Luego de que el TPI declarara *no ha lugar* al argumento del señor Vázquez Mercado, precisó no estar preparado para el juicio y solicitó que se llevara a cabo en otra fecha, a lo cual el foro *a quo* se negó.[12] Seguido a esto, el señor Vázquez Mercado produjo una serie de facturas de LUMA y de la Autoridad de Acueductos y Alcantarillados (AAA) que no correspondían a las

---

[9] *Moción para que se dicte Orden, Íd.,* entrada 18.
[10] *Minuta, Íd.,* entrada 37.
[11] *Íd.,* pág. 1.
[12] *Íd.,* pág. 2.

halladas en SUMAC; por ello, el tribunal rechazó la presentación de esa prueba.[13]

Luego del tribunal atender estos asuntos de umbral, las partes comenzaron con su desfile de la prueba testimonial y documental permitida:

### Testimonio de la parte apelada:

Declaró que es abogada de profesión y que la propiedad en cuestión pertenece a la Sucesión del doctor Juarbe Ortiz, quien falleció en el año 2014; se procedió a admitir la Declaratoria de Herederos del doctor Juarbe Ortiz como *Exhibit* 1.[14] Especificó que conoce a *'El Flaco'*, que es un apodo del señor Vázquez Mercado, a quien identificó en sala; su padre le daba medicinas y albergue en su casa de Vieques.[15] Explicó que, para el año 2018, en un viaje para Vieques se percató de que unas personas ocupaban la casa de la Sucesión;[16] los individuos que poseían el inmueble hablaban en inglés y le dijeron que rentaron la propiedad de *'El Flaco'*.[17] Narró que, luego de que estas personas llamaran a alguien por teléfono, llegó el señor Vázquez Mercado al lugar con un niño pequeño; le requirió que desalojaran el lugar para la 1:00 p.m., y así lo hicieron.[18] La testigo especificó que compró dos candados y una cadena para las puertas y asegurar la propiedad, luego marchándose del lugar.[19]

Testificó que la Sucesión no otorgó negocio jurídico alguno que le autorizara la posesión del inmueble al señor Vázquez Mercado.[20] Añadió que el doctor Juarbe Ortiz tampoco le autorizó la

---

[13] *Íd.* Las facturas de LUMA eran del 19 de diciembre de 2024 y del 20 de febrero de 2026, y las de AAA del 20 de diciembre de 2024 y 18 de septiembre de 2024.

[14] *Regrabación de la vista de desahucio del 24 de abril de 2024*, mins. 25:00 - 26:10.

[15] *Íd.*, mins. 26:25 - 27:24.

[16] *Íd.*, mins. 28:02 - 28:25.

[17] *Íd.*, mins. 29:00 - 29:30. El abogado del apelante presentó una objeción que fue declarada *no ha lugar* por el TPI sobre que esto constituía prueba de referencia. El tribunal fundamentó su determinación en que la objeción fue tardía.

[18] *Íd.*, mins. 30:50 – 32:10.

[19] *Íd.*, mins. 32:20 – 32:41.

[20] *Íd.*, mins. 32:55 - 33:33.

posesión de la propiedad al señor Vázquez Mercado por medio alguno.[21] La declarante informó que asumió los pagos de las utilidades tras el fallecimiento del doctor Juarbe Ortiz; se admitió como evidencia la Certificación de LUMA (*Exhibit* 3) y la captura de pantalla del pago desde la cuenta de Oriental Bank (*Exhibit* 2).[22] Explicó que los pagos se le comenzaron a reversar dos años luego de la defunción del doctor Juarbe Ortiz, algo que ella no autorizó.[23]

Hizo hincapié en que supo que el señor Vázquez Mercado se hospedó en varias ocasiones en la propiedad previo a la muerte del doctor Juarbe Ortiz, ocurrencia que no se ceñía a *'El Flaco'* solamente, sino que pasaba con muchas personas, debido a que su padre "nunca le negó ni al Flaco ni a ninguna persona en Vieques una cama… pero vivir en esa casa [y] poseerla… no".[24]

### Testimonio del señor Vázquez Mercado:

Testificó que vive en la propiedad desde el año 2008, con su esposa y su hijo; este último está dentro del espectro autista.[25] Expresó que la apelada le había dicho en el año 2013, antes del fallecimiento del doctor Juarbe Ortiz, que no le interesaba la casa.[26] Manifestó que el doctor Juarbe Ortiz le facilitó la propiedad para vivirla.[27]

Especificó que no tiene otra propiedad porque sus padres ya fallecieron.[28] No reconoció a la apelada como sucesora y propietaria del inmueble, luego del deceso del doctor Juarbe Ortiz.[29] Añadió que no sabía que la licenciada Juarbe Botella era hija del doctor Juarbe Ortiz, a pesar de que exteriorizó en el directo que ella frecuentaba la

---

[21] *Íd.*, mins. 33:39 – 33:51.
[22] *Íd.*, mins. 34:33 – 39:46.
[23] *Íd.*, mins. 40:30 – 41:58.
[24] *Íd.*, mins. 48:10 – 48:52.
[25] *Íd.*, mins. 58:27 – 58:38.
[26] *Íd.*, mins. 58:47 – 59:21.
[27] *Íd.*, mins. 59:30 – 59:37.
[28] *Íd.*, 1 hr. mins. 01:39 - 01:43.
[29] *Íd.*, 1 hr. mins. 04:49 – 06:01.

propiedad con el causante; dijo además que se enteró de que estaba *relacionada* con él el 6 de noviembre de 2013.[30]

Luego de que el tribunal escuchara la locución de las partes, declaró *ha lugar* a la demanda de desahucio e indicó que dictaría sentencia dentro del término provisto en ley para ello. Asimismo, concedió un remedio provisional a favor de la parte apelada para que se inspeccionara la propiedad al día siguiente del juicio.

La sentencia fue notificada y archivada en autos el 1 de mayo de 2026.[31] Mediante esta, el TPI reiteró su dictamen vertido en corte abierta el 24 de abril de 2026, debido a que entendió que el señor Vázquez Mercado no presentó evidencia suficiente que sostuviera su permanencia en la propiedad de la Sucesión.

Inconforme, el 4 de mayo de 2026, el señor Vázquez Mercado acudió ante este Tribunal de Apelaciones mediante una *Apelación* y apunta la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al no desestimar la demanda de desahucio toda vez que, en conformidad con el Art. 620 del Código de Enjuiciamiento C[i]vil, la parte demandante no demostró tener legitimación para presentar la acción.
>
> Erró el Tribunal de Primera Instancia al no aplicar las presunci[o]nes evidenciarias aplicables y la regla de la mejor evidencia.
>
> Erró y abusó de su discre[c]ión el Tribunal de Primera Instancia al no brindarle el espacio necesario a la parte apelante para que pudiera cargar prueba al expediente electrónico.
>
> Erró el Tribunal de Primera Instancia al declarar ha lugar el desahucio toda vez que de la prueba desfilada surge un conflicto de título.[32]

El 20 de mayo de 2026, el apelante presentó *Moción para Consignar Prueba Oral,* acompañada de USB con el audio de la vista de desahucio celebrada en el TPI el 24 abril de 2026.[33]

---

[30] *Íd.,* 1 hr. mins. 06:03 – 10:50.
[31] *Sentencia,* SUMAC en el recurso VQ2026CV00020, entrada 38.
[32] *Apelación,* SUMAC-TA, entrada 1.
[33] *Moción para Consignar Prueba Oral, Íd.,* entrada 5

Posteriormente, el 26 de mayo de 2026, presentó su *Alegato Suplementario*.[34]

Por su parte, el 2 de junio de 2026, la parte apelada compareció con su *Alegato en Oposición a[l] Recurso de Apelación*.[35] Arguye que el señor Vázquez Mercado pretende convertir un pleito sumario en uno ordinario al replantear asuntos de titularidad en una causa de acción que solo versa sobre una controversia posesoria. Argumenta, entre otras cosas, que, a pesar de que durante su testimonio el señor Vázquez Mercado se negó a reconocer a la apelada, Juarbe Botella o a la Sucesión como a las propietarias del inmueble que ocupa ilegítimamente, sí aludió a que el doctor Juarbe Ortiz fue quien le facilitó la casa para que este pernoctara; alegan que esto es un reconocimiento de dueño.

Con el beneficio de la comparecencia de ambas partes y la regrabación de la vista de desahucio celebrada ante el TPI el 24 de abril de 2026, procedemos a resolver.

**II.**

**A.**

Cuando una persona retiene la posesión de hecho de un inmueble sin la debida autorización, pago de canon o merced alguna, se le conoce como precarista.[36] Para recuperar la posesión del bien del cual el precarista se ha apoderado, el dueño de la finca, su apoderado, usufructuario, causahabiente o quien tenga derecho a disfrutar de la propiedad podrá instar un procedimiento sumario de desahucio ante un tribunal de justicia.[37] El propósito de la causa de acción del desahucio atender el reclamo de un dueño que ha se

---

[34] *Alegato Suplementario, Íd.,* entrada 7
[35] *Alegato en Oposición a[l] Recurso de Apelación, Íd.*, entrada 9.
[36] *ATPR v. SLG Volmer-Mathieu*, 196 DPR 5, 10 (2016); Artículo 621 del *Código de Enjuiciamiento Civil de Puerto Rico de 1933*, según enmendado, 32 LPRA sec. 2822. Este tipo de posesión se genera por liberalidad, mera tolerancia, abandono o desconocimiento por parte del propietario. *El Pueblo de Puerto Rico v. Giorgetti & Co.*, Ltd., 46 DPR 61 (1934).
[37] 32 LPRA sec. 2821.

ha visto despojado de su derecho a poseer y disfrutar de su propiedad.[38]

Entonces, el desahucio en precario se presenta contra una persona que no ostenta título o derecho alguno sobre el inmueble. Por ende, no subsiste conflicto alguno sobre la titularidad sobre la finca ocupada y cuando el reclamado no detenta "derecho o título alguno que justifique su ocupación del terreno ajeno donde enclava la estructura".[39]

Ahora bien, de lo anterior se desprende que un desahucio solo se propone recuperar la posesión, debido a que, mediante este, no se ventilan asuntos de título u otra índole; para eso, la causa de acción habría de tornarse en una ordinaria si el reclamado provee evidencia de titularidad o posesión en concepto de dueño.[40] Así, "[l]a característica medular de un procedimiento civil sumario es lograr, lo más rápido y económicamente posible, la reivindicación de determinados derechos, reduciendo al mínimo constitucionalmente permisible el elenco de garantías procesales",[41] lo cual implica una disminución en los plazos de los procesos y la supresión de gestiones para facilitar la disposición ligera del caso sin comprometer las garantías mínimas que cobijan a las partes, como, por ejemplo, la de la celebración de una vista.

El demandado en una acción de desahucio deberá presentar sus defensas afirmativas en su contestación a la demanda.[42] Luego, se le convocará para la celebración del juicio dentro de diez (10) días; consecuentemente, el tribunal tendrá un periodo de diez (10) días para dictar sentencia.[43] De estar en desacuerdo con el dictamen del foro primario, se podrá recurrir al Tribunal de Apelaciones dentro

---

[38] *ATPR v. SLG Volmer-Mathieu*, supra, pág. 9.
[39] *CRUV v. Román*, 100 DPR 318, 324 (1971).
[40] *Íd.*, pág. 321; *Martínez v. Dalmau Andrades*, 93 DPR 191, 193-194 (1966).
[41] *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 245 (1992).
[42] 32 LPRA sec. 2826.
[43] *Íd.*, secs. 2824 y 2826.

de un término de cinco días (5) desde el archivo en autos de la notificación de la sentencia;[44] solo se permitirá que se presente este recurso posterior a la prestación de una fianza.[45]

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que estos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[46] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[47]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera'".[48] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[49] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[50]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

---

[44] *Íd.*, sec. 2831.

[45] El Artículo 630 del Código de Enjuiciamiento Civil, *supra*, especifica que:

> No se admitirá al demandado el recurso de apelación si no otorga fianza, por el monto que sea fijado por el tribunal, para responder de los daños y perjuicios que pueda ocasionar al demandante y de las costas de apelación; pudiendo el demandado, cuando el desahucio se funde en falta de pago de las cantidades convenidas, a su elección, otorgar dicha fianza o consignar en Secretaría el importe del precio de la deuda hasta la fecha de la sentencia.

*Íd.*, sec. 2832.

[46] *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 207, 210 (2023); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.

[47] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[48] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

[49] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[50] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[51]

**C.**

El efectivo funcionamiento del sistema judicial y la eficiente disposición de los asuntos litigiosos requieren que el Tribunal de Primera Instancia goce de gran discreción en el manejo de los casos que se ventilan ante sí.[52] A saber, el Foro Primario posee autoridad suficiente para conducir los asuntos litigiosos en la forma que su buen juicio le indique.[53]

El Tribunal de Primera Instancia es el foro que mejor conoce las particularidades del caso y está en una posición óptima para tomar medidas que permitan trazar el curso del caso hasta su disposición final.[54] La discreción se fundamenta también en el contacto con los litigantes y la prueba que se haya presentado.[55]

**D.**

Nuestro esquema probatorio no contempla una 'regla general de la mejor evidencia', debido a que "[l]as partes asumen el riesgo de presentar evidencia secundaria cuando estaba disponible evidencia primaria".[56] Ahora, a lo que alude esta frase en nuestro ordenamiento jurídico es a cómo evidenciar el contenido de un escrito; por ejemplo, la mejor evidencia de un pacto por escrito es el contrato en sí.

---

[51] *SLG Zapata Rivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).
[52] *BRRP v. SLG Gómez-López*, 213 DPR 314, 333-334 (2023); *In re Collazo I*, 159 DPR 141, 150 (2003).
[53] *Íd.*
[54] *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).
[55] *BRRP v. SLG Gómez-López*, supra, pág. 334.
[56] E.L. Chiesa Aponte, *Compendio de evidencia (En el sistema adversarial)*, Ciudad de México, Ed. Tirant lo Blanch, 2021, pág. 485.

Sobre este particular, la Regla 1002 de las de Evidencia preceptúa que "[p]ara probar el contenido de un escrito, grabación o fotografía[,] se requiere la presentación original de [e]stos".[57] Así, la precitada disposición de ley requiere la alusión al contenido de un escrito para su activación.[58] Por otro lado, un hecho puede ser probado a través de cualquier tipo de evidencia como la testimonial, entre otros medios probatorios.[59]

### III.

En su primer señalamiento de error, el apelante plantea que el foro primario se equivocó al no desestimar la demanda, toda vez que la apelada carece de legitimación activa para incoar la acción de desahucio. Arguye que el TPI erró y abusó de su discreción al no aplicar la regla de la mejor evidencia sobre la falta de documentación para probar el interés propietario de la apelada, Juarbe Botella. Argumenta que el foro *a quo* abusó de su discreción al no proveerle más tiempo para subir su prueba documental a SUMAC, luego del foro ser informado sobre las circunstancias particulares del señor Vázquez Mercado. Por último, alega que incidió al declarar ha lugar al desahucio, aunque existe un conflicto de título.

Por su parte, la apelada postula que ostenta legitimación activa para incoar la causa de acción de desahucio porque es una de las herederas *mortis causa* del antiguo dueño, el doctor Juarbe Ortiz. Asimismo, precisa que su interés propietario fue probado, no solo por la Declaratoria de Herederos admitida en evidencia, sino que por el propio testimonio del señor Vázquez Mercado, mediante el cual este reconoció al doctor Juarbe Ortiz como dueño de la finca que ocupa. Señaló que el foro primario le dio oportunidad suficiente para que suministrara la documentación solicitada. Por último,

---

[57] Reglas de Evidencia de Puerto Rico de 2009, 32 LPRA Ap. VI, R. 1002.
[58] Chiesa, *op. cit.*, pág. 489.
[59] *Íd.*, pág. 490.

puntualizó que el pleito ante nos es de naturaleza posesoria y que no habremos de dilucidar en él cuestiones sobre titularidad.

De entrada, debemos precisar que no le asiste la razón al señor Vázquez Mercado. Tras una lectura minuciosa de los documentos que obran en el expediente, notamos que los errores sostenidos no se cometieron. Veamos la discusión conjunta de estos.

Como hemos perfilado anteriormente, en una acción de desahucio en precario una persona con interés propietario o posesorio procura recuperar la posesión de un inmueble que le ha sido despojada por alguien sin derecho alguno para ocupar la finca y que no paga por tenerla. Como mencionamos, para entablar tal causa, el reclamante habrá de tener un interés propietario o posesorio sobre la propiedad, o ser uno de sus causahabientes; es decir, de probar suficientemente su afinidad o vínculo, estas personas tienen legitimación activa para instar una demanda de desahucio en los tribunales del país. Enfatizamos además que, en los pleitos sumarios de desahucio, *solo se dilucidan controversias relacionadas con la posesión y no las que versan sobre la titularidad del bien.* Comoquiera, para impugnar el interés propietario en estos casos, el opositor no puede valerse de evidencia meramente especulativa, sino que debe proporcionar prueba concreta que sustente sus argumentos.

En este caso, el señor Vázquez Mercado ocupa la propiedad desde el año 2008, bajo la autorización del doctor Juarbe Ortiz, pero, en el año 2013 la apelada le hizo un requerimiento extrajudicial para que desalojara, junto con su familia, y este lo acató. No obstante, tiempo después, aunque la apelada cambió las cerraduras de ambas puertas, el apelante irrumpió ilegalmente a la finca de la Sucesión.

La apelada probó su interés propietario sobre la finca ubicada en Vieques, con la Declaratoria de Herederos de su padre, el doctor Juarbe Ortiz, quien era el dueño del inmueble y fue quien autorizó

la ocupación inicial de la casa del señor Vázquez Mercado. Este documento la nombra a ella como una de las herederas *mortis causa* del causante. Asimismo, la apelada testificó que ella fue la encargada de los asuntos financieros de su padre durante su enfermedad y luego de su fallecimiento; esto incluyó el pago de las utilidades de la casa de Vieques durante dos (2) años luego del año 2014.

Por su parte, el señor Vázquez Mercado especuló que la apelada no desplegaba interés propietario sobre la finca porque no se trajeron todos los documentos pertinentes para establecer la cadena de eventos que llevó a que su padre y su abuela se convirtieran en dueños antes que ella. Empero, el propio señor Vázquez Mercado declaró, bajo juramento, que quien le autorizó a ocupar inicialmente la casa fue el doctor Juarbe Ortiz. Además, el apelante no trajo evidencia para rebatir el interés propietario de la apelada; más bien, basó sus argumentos en especulaciones sin sustento probatorio.

La realidad es que la titularidad del inmueble de este caso nunca estuvo en pugna: la casa viequense pertenece actualmente a la Sucesión del doctor Juarbe Ortiz.

De otro lado, el apelante insiste en que el TPI abusó de su discreción al no darle más tiempo para presentar su evidencia en SUMAC. Ciertamente, el foro primario instauró un término igualitario de dos (2) días para que las partes subieran la evidencia que pretendían utilizar en la vista de desahucio al sistema electrónico de SUMAC. También, el foro apelado fue considerado al citar a varias partes, incluyendo a la Oficina del Procurador del Veterano, entre otros, para orientar al señor Vázquez Mercado sobre sus derechos como persona indigente con poca destreza tecnológica, que alegaba ser veterano durante el juicio en su fondo. Recordemos que el procedimiento de desahucio en precario es uno *sumario,* por

lo cual los términos se acortan para una rápida disposición del recurso. Aún con esto, el TPI citó a las agencias pertinentes para cerciorarse de que no se coartaran los derechos del señor Vázquez Mercado y para colocarlo en igualdad de condiciones.

Por último, como ya mencionados, la regla de la mejor evidencia solo aplica para cuando se pretende probar el contenido de un escrito y no para cuando se aspire evidenciar un hecho, lo cual pudiese suplirse con cualquier otra prueba.  En este caso, la regla de la mejor evidencia no es aplicable, porque lo que el señor Vázquez Mercado pretende evidenciar no es el contenido de un escrito particular, sino un *hecho* que se puede probar a través de diversos medios: la titularidad del inmueble ilegalmente ocupado. Como destacamos, los procesos de desahucio se centran únicamente en recobrar la posesión del inmueble, mediante el lanzamiento o expulsión del precarista que la detente, no subsiste conflicto alguno sobre la titularidad de la finca ocupada.

En conclusión, al aplicar los hechos al derecho aplicable, resulta forzoso concluir que la determinación del foro primario de ordenar el desahucio del señor Vázquez Mercado fue correcta. Colegimos, pues, que no se cometieron los errores señalados y compete confirmar el parecer impugnado.

**IV.**

Por los fundamentos antes esbozados, *confirmamos* la *Sentencia* apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones